

**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 9, 2025

Cara McNamara, Esq.
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, Massachusetts 02210

      Re:    United States v. Alex Bou, 25cr10460

Dear Attorney McNamara:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Alex Bou ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1.    <u>Change of Plea</u>

At the earliest practicable date, but no later than December 18, 2025, Defendant will waive Indictment and plead guilty to Count One of the Information, charging Defendant with a violation of 18 U.S.C. § 2425 (Use of Interstate Facilities to Transmit Information about a Minor). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty of that offense.

The Defendant further acknowledges that on or about August 19, 2025, probable cause existed to arrest and charge him with attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a).

2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for up to five years; supervised release for up to three years; a fine of $250,000; a mandatory special assessment of $100; a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment"),

1

unless the Court finds the Defendant is indigent; restitution; and forfeiture to the extent charged in the Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.    Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.    Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is **25**:

a) Defendant's base offense level is 24, because Defendant is pleading guilty to use of an interstate facility to transmit information about a minor in violation of 18 U.S.C. § 2425 (USSG § 2G1.3(a)(4));

b) Defendant's offense level is increased by 2 because the offense involved the use of a computer (namely, a cellular phone) or an interactive service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct (USSG § 2G1.3(b)(3));

c) Defendant's offense level is increased by 2 because the offense both (i) involved the commission a sex act or sexual contact, and (ii) involved a commercial sex act and USSG § 2G1.3(a)(4) applies (USSG § 2G1.3(b)(4)(A));

d) Regardless of probation's calculation of Defendant's criminal history points, the Defendant is not entitled to an adjustment pursuant to § 4C1.1 because the instant offense of conviction is a sex offense (USSG § 4C1.1(a)(5)).

e) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    <u>Agreed Disposition</u>

The parties agree on the following sentence:

a)  incarceration for between 48 and 60 months;

b)  a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c)  36 months of supervised release;

d)  a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e)  The JVTA assessment, unless the Court finds that Defendant is indigent;

f)  restitution to be determined at sentencing; and

g)  forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

3

Defendant understands that Defendant has these rights but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.    <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.    <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement,

4

violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.    Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

//

//

//

//

//

//

//

//

//

//

\*        \*        \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Craig Estes.

Sincerely,

LEAH B. FOLEY
United States Attorney

By:        _____
ELIZABETH RILEY
Chief, Human Trafficking and Criminal Civil
Rights Unit

_____
CRAIG ESTES
Assistant U.S. Attorney

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea.  I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense.  I believe this Agreement is in my best interest.

/s/ Alex Bou

ALEX BOU
Defendant

Date: _____ December 17, 2025

I certify that Alex Bou has read this Agreement and that we have discussed what it means. I believe Alex Bou understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

/s/ Cara McNamara

CARA MCNAMARA
Attorney for Defendant

Date: _____ December 17, 2025

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
ALEX BOU
Defendant

Date: ___12/17/2025___

I certify that Alex Bou has read this Agreement and that we have discussed what it means. I believe Alex Bou understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
CARA MCNAMARA
Attorney for Defendant

Date: _____

7